# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>OSCAR DORADO AGUILAR,<br><br>Defendant. | Case No. 1:20-cv-01745-JLT-BAM<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 39) |

## I.   INTRODUCTION

G & G Closed Circuit Events, LLC, a closed-circuit distributor of sports and entertainment programming, claims that Defendant Oscar Dorado Aguilar, individually and d/b/a Rico's Pizza, exhibited and/or permitted the exhibition of the *Daniel Jacobs v. Julio Cesar Chavez*, Jr. Championship Fight Program, on Saturday, December 20, 2019 (hereinafter "Program") at the establishment the Defendant operates known as "Rico's Pizza" without the necessary closed-circuit (commercial) license the establishment was required to obtain in advance from the Plaintiff. (*See generally* Doc. 1.) G&G alleges that Defendant unlawfully intercepted and/or received the Program via satellite communications or a cable system in violation of the Communications Act of 1934, 47 U.S.C. § 605 ("Communications Act" and "§ 605"), and the Cable Communications Policy Act of 1984, 47 U.S.C. § 553 ("Cable Act" and "§ 553"; together, "Anti-Piracy Statutes"). (*Id.*)

1

On May 29, 2023, Defendant moved for summary judgment, making two relatively straightforward arguments. (Doc. 39.) Plaintiff opposed the motion. (Doc. 40.) Defendant did not file a reply. For the reasons set forth below, the motion is **DENIED**.

## II.  STANDARD OF DECISION

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Summary judgment should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the "initial responsibility" of demonstrating the absence of a genuine issue of material fact. *Id.* at 323. An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987). A party demonstrates summary judgment is appropriate by "informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).

If the moving party meets its initial burden, the burden then shifts to the opposing party to present specific facts that show genuine issue of a material fact exists. Fed R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586. An opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 587. The party must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that a factual dispute exits. *Id.* at 586 n.11; Fed. R. Civ. P. 56(c). Further, the opposing

2

party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987). However, "failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

### III.   ANALYSIS

Plaintiff's federal causes of action arise under § 605 and § 553. (Doc. 1 at ¶¶ 15–33.) Section 553 holds that "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1). Section 605 "prohibits commercial establishments from intercepting and broadcasting to its patrons satellite cable programming." *Kingvision Pay-Per-View v. Guzman*, No. C 09-00217 CRB, 2009 WL 1475722, at *2 (N.D. Cal. May 27, 2009) (citing 47 U.S.C. § 605(a)); *DIRECTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008) (holding satellite television signals are covered communications under § 605(a)).

In his motion for summary judgment, Defendant contends that "the unauthorized broadcast of the Program at [] Rico's Pizza occurred via the internet provided by Comcast Business Internet." (Doc. 39 at 5; *see also* Doc. 39-1 at ¶ 4 (Defendant indicating in a declaration that he "received the Program at Rico's Pizza via internet streaming video through a Comcast Business Internet account" and that "[a]t the time [he] obtained access to the Program . . . and received it at Rico's Pizza, [he] believed [his] conduct was lawful.").) Defendant further contends that he is entitled to summary judgment because broadcasts via the internet do not violate § 553 or § 605. (Doc. 39 at 4–5.) Finally, he argues that if summary judgment is granted as to the federal claims, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims. (*Id*. at 6.)

In opposition, Plaintiff first points out that in response to requests for admission, Defendant <u>admitted</u> that he ordered the event from DirecTV and Dish Network, both of which are

satellite providers. (*See* Doc. 40 at 7; Doc. 40-6 at 5 (RFA Nos. 7-8).) Defendant has not sought leave to withdraw or amend that response, so those facts are conclusively established. *See* Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."). Considering these admissions, even if Defendant is correct that broadcasts via the internet do not violate the Anti-Piracy Statutes, the present record provides for an alternative means of liability under § 605, which applies to satellite television signals. *See Webb*, 545 F.3d at 844. Therefore, Defendant is not entitled to summary judgment on the § 605 claim.

Turning next to the § 553 claim, Defendant contends that no liability can attach to his conduct under that provision because "broadcasts via the internet do not violate § 553," citing several cases from the 2010s. (Doc. 39 at 4.) As Plaintiff points out, the law on this subject is not that straightforward. As was acknowledged by this Court recently in *G & G Closed Cir. Events, LLC v. Infante,* No. 1:20-CV-01400-JLT-SAB, 2022 WL 411847, at *12 (E.D. Cal. Feb. 10, 2022), *report and recommendation adopted*, No. 1:20-CV-01400-JLT-SAB, 2022 WL 1082567 (E.D. Cal. Apr. 11, 2022), a significant number of cases have declined to make a bright line determination that programming broadcast over the internet is or is not covered by § 553 (or § 605). Instead, they examine whether "the at-issue signal was either received through a radio/satellite or cable-based Internet system and/or initially transmitted by radio or cable." *Id*.

For example, in *J & J Sports Prods., Inc. v. Patel*, 364 F. Supp. 3d 1368, 1370 (S.D. Ga. 2018), the evidence supported a finding that the internet connection used by defendants to receive the protected program was transmitted by cable modem service, thus involved a "cable system" within the meaning of § 553. Here, Defendant's own motion admits that Rico's Pizza received internet services through a Comcast Business account. (Doc. 39 at 5.) Though the record does not conclusively establish that this form of internet service involves a "cable system," on summary judgment it is the moving party's burden to show an absence of material fact. The mechanism by which Rico's Pizza received its internet—admittedly provided by Comcast Business—is a material fact under the prevailing law. Defendant's failure to identify the transmission pathway is

4

a failure of proof that demands denial of the motion,[1] particularly considering Defendant's failure to file a reply. Finally, given the rulings above, Defendant's request for the Court to decline to exercise supplemental jurisdiction over the state law claims is **DENIED**.

### IV. CONCLUSION AND ORDER

For the reasons set forth above, Defendant's motion for summary judgment (Doc. 39) is **DENIED**.

The Court has already adjusted the schedule of the case by minute order (Doc. 42) to afford the parties a modest amount of time to prepare for the pretrial conference, which is now set for December 18, 2023.

IT IS SO ORDERED.

Dated:   **September 22, 2023**

UNITED STATES DISTRICT JUDGE

---

[1] To carry its burden of production on summary judgment, a moving party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc*., 210 F.3d 1099, 1102 (9th Cir. 2000). "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire*, 210 F.3d at 1102–03.