UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>OSCAR DORADO AGUILAR,<br><br>Defendant. | Case No.: 1:20-cv-01745 JLT BAM<br><br>ORDER STRIKING OSCAR DORADO AGUILAR'S ANSWER; DIRECTING THE CLERK OF COURT TO ENTER DEFAULT AGAINST OSCAR DORADO AGUILAR; AND VACATING JURY TRIAL<br><br>(Doc. 15) |

On December 9, 2020, Plaintiff G & G Closed Circuit Events, LLC filed a complaint alleging the unauthorized interception, conversion, and transmission of Plaintiff's television program. (Doc. 1.) Defendant Oscar Dorado Aguilar answered the complaint on March 15, 2021. (Doc. 15.) On December 5, 2022, Plaintiff and Defendant appeared at a scheduling conference on this matter, and pretrial and trial dates were set. (Docs. 37, 38.) Defendant filed a motion for summary judgment that was subsequently denied. (Docs. 39, 43.) On May 22, 2024, the Court ordered the parties file a joint pretrial statement which complied with the requirements of the Court's Local Rule 281. (Doc. 68.) On August 26, 2024, the Court conducted the final pretrial conference and Defendant Oscar Dorado Aguilar failed to appear. Following this conference, on August 27, 2024, the Court issued an order (the "OSC") directing Defendant to show cause, on or before September 17, 2024, why its answer should not be stricken and a default judgment entered for failure to comply with the pretrial requirements. (Doc. 72.) Defendant has failed to file a response to the OSC, and accordingly,

Defendant's answer will be stricken and a default judgment entered against Defendant.

The Court has inherent power to achieve the orderly and expeditious disposition of cases by entering judgment against a party for failure to prosecute and the failure to comply with a court order. *See Link v. Wabash R.R.*, 370 U.S. 626, 629–30 (1962); Fed. R. Civ. P. 41(b).  In addition, Federal Rule of Civil Procedure 37 authorizes the Court to strike a party's pleading or render a default judgment against it when the party fails to comply with a court order.  Fed. R. Civ. P. 37(b)(2); *see also Adriana Intern. Corp. v. Theoren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (finding violations of court orders sufficient to support a default sanction).  Because a default sanction is a harsh penalty, district courts must consider five factors before declaring a default: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Adriana Intern. Corp.*, 913 F.2d at 1412.

The Court finds that the factors militate in favor of striking Defendant's answer.  The public's interest in expeditious resolution of litigation and the Court's need to manage its docket weigh heavily in favor of striking Defendant's answer and entering judgment against him.  Further, Defendant violated this Court's May 22, 2024 Scheduling Order when he failed to file a pretrial conference statement or appear at the pretrial conference.  (Doc. 68 (warning the parties that "the failure to file a pretrial statement may result in the imposition of appropriate sanctions, which may include the preclusion of any and all witnesses, dismissal of the action, or entry of default").) In addition, Defendant failed to show cause in writing why sanctions should not be imposed for that conduct. Defendant is undeniably aware of this action as Defendant, through counsel who has since withdrawn, answered Plaintiff's complaint, filed a motion for summary judgment that was subsequently denied, and has been successfully served with the most recent Orders of this Court.  Defendant's failure to participate in this case is prejudicial to Plaintiff as it precludes Plaintiff from obtaining a decision on the merits.  While the public policy favoring disposition of the case on its merits will always cut against entry of default, less drastic sanctions are simply not available.  Therefore, the other four factors support striking Defendant's answer and entering default.

**ORDER**

Accordingly, the Court **ORDERS:**

1. The answer filed by Defendant Oscar Dorado Aguilar (Doc. 15) is **STRICKEN**.
2. The Clerk of Court is directed to enter **DEFAULT** against Oscar Dorado Aguilar.
3. The jury trial set for 11/5/2024 is **VACATED**.
4. Plaintiff **SHALL** file a motion for default judgment **no later than December 6, 2024.**

IT IS SO ORDERED.

Dated:   **October 4, 2024**                                       _____
UNITED STATES DISTRICT JUDGE