UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>OSCAR DORADO AGUILAR,<br><br>    Defendant. | Case No. 1:20-cv-01745-JLT-BAM<br><br>**ORDER VACATING JANUARY 10, 2025 HEARING**<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S APPLICATION FOR DEAFULT JUDGMENT BY THE COURT**<br><br>(Doc. 76) |

**INTRODUCTION**

Pending before the Court is G & G Closed Circuit Events, LLC's ("Plaintiff") application for default judgment against Defendant Oscar Dorado Aguilar ("Defendant") individually and d/b/a Rico's Pizza. (Doc. 75.) The application was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deems the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and VACATES the hearing scheduled for January 10, 2025. Having considered the moving papers, and the record, the Court will recommend that Plaintiff's application for default judgment be granted in part, and that Plaintiff be awarded final judgment in the total amount of $5,000.00.

///

///

**BACKGROUND**[1]

Plaintiff, a distributor and licensor of sporting events, alleges that it was granted the exclusive rights to nationwide commercial distribution of *Daniel Jacobs v. Julio Cesar Chavez, Jr. Championship Fight Program* ("Program"), telecast on December 20, 2019. *See* Compl. ¶ 16. The Program included all under-card bouts and fight commentary. *Id.* Plaintiff alleges that the Program was unlawfully intercepted and exhibited by Defendant at his commercial establishment, Rico's Pizza, located at 6994 Bridget Ct, Ste C, Winton, CA 95388. *Id.* ¶¶ 7, 21-22. The interception and exhibition allegedly were done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain. *Id.* ¶ 23.

On December 9, 2020, Plaintiff filed this action alleging violations of the Federal Communications Act, 47 U.S.C. § 605 and the Public Communications Act, 47 U.S.C. § 553, as well as violations of California law against conversion and California Business and Professions Code § 17200. Defendant answered the complaint on March 15, 2021. (Doc. 15.) On December 5, 2022, Plaintiff and Defendant appeared at a scheduling conference in this matter, and pretrial and trial dates were set. (Docs. 37, 38.) Defendant filed a motion for summary judgment that was subsequently denied. (Docs 39, 43.)

On August 26, 2024, the district court conducted the pretrial conference and Defendant failed to appear. Following the conference, the district court issued an order directing Defendant to show cause why his answer should not be stricken, and default judgment entered for failure to comply with pretrial requirements. (Doc. 72.) Defendant failed to file a response to the OSC. Accordingly, on October 4, 2024, the district court issued an order striking the answer filed by Defendant, directing the Clerk of the Court to enter default against Defendant, vacating the jury trial, and ordering Plaintiff to file a motion for default judgment. (Doc. 74.)

The Clerk of the Court entered default against Defendant on October 4, 2024. (Doc. 75.)

On December 6, 2024, Plaintiff filed the instant motion for default judgment. (Doc. 76.) Defendant did not file an opposition to the motion. Plaintiff's motion requests that the Court

---

[1] The parties are familiar with the extensive procedural background of this action. The Court therefore recounts the procedural background relevant only to the instant motion for default judgment.

enter default judgment against Defendant for damages in the amount of $23,600.00 ($3,000 for statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); $20,000 for enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); and $600 for conversion).  (Doc. 76-1).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment.  Fed. R. Civ. P. 55(b)(2).  Upon default, the factual allegations of a complaint relating to liability are taken as true, while allegations regarding the amount of damages must be proven.  *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citation omitted); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  In addition, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *accord DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law).

Granting or denying default judgment is within the court's sound discretion. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980).  Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).

**DISCUSSION**

**A.     The *Eitel* Factors Favor Default Judgment**

**1. Possibility of Prejudice to Plaintiff**

The first factor considers whether a plaintiff would suffer prejudice if default judgment is not entered. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Generally, where default has been

1  entered against a defendant, a plaintiff has no other means by which to recover damages. *Id.*;
2  *Moroccanoil, Inc. v. Allstate Beauty Prods.*, 847 F. Supp. 2d 1197, 1200-01 (C.D. Cal. 2012).
3  Here, the Court finds Plaintiff would be prejudiced if default judgment were not granted.  Default
4  has been entered against Defendant and Plaintiff has no other means to recover against him.  This
5  factor weighs in favor of default judgment.

### 2. Merits of Plaintiff's Claims and Sufficiency of the Complaint

The second and third *Eitel* factors, taken together, "require that [the] plaintiff state a claim on which [the plaintiff] may recover." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175.  As indicated, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." DIRECTV, 503 F.3d at 854 (9th Cir. 2007).

Plaintiff's motion for default judgment seeks recovery on its claim under 47 U.S.C. § 605 and its claim under state law for conversion.  (Doc. 76-1 at 7.)  The Court examines each of these claims in turn.

####      a.  Violation of 47 U.S.C. § 605

A violation of Section 605 requires that a defendant "(1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff." *Nat'l Subscription Television v. S & H TV*, 644 F.2d 820, 826 (9th Cir. 1981). Since the 1984 amendments to Section 605, communications protected by the statute include satellite television signals. *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 926 (9th Cir. 2006). Where direct evidence of a defendant's satellite signal piracy is unavailable, circumstantial evidence may suffice. *Id.*

Here, Plaintiff has established exclusive ownership of the distribution rights to the Program.  (Compl. ¶ 16; Doc. 76-2, Pl's Aff. ¶¶ 3-4.)  Plaintiff also has provided evidence that Defendant was never granted a sublicense to the Program.  (Compl. ¶¶ 17- 21; Doc. 76-2, Pl.'s Aff. ¶ 3.)  However, an investigator visiting Rico's Pizza on December 20, 2019, witnessed the Program being broadcast on televisions within the establishment.  (Doc.76-3 at 2.)  Plaintiff acknowledges that it cannot be certain of the method of violation.  (Doc. 76-1 at 9.)  Given the circumstances, it can be inferred the broadcast relied on unlawful interception of the Program.

*See G & G Closed Cir. Events, LLC v. La Placita RM Rest. Inc.*, No. 2:22-cv-1089 DB, 2023 WL 5035674, at *2 (E.D. Cal. Aug. 8, 2023), report and recommendation adopted, No. 2:22-CV-01089-DAD-DB, 2023 WL 5846676 (E.D. Cal. Sept. 11, 2023).  Plaintiff has stated a claim under Section 605.

      b. <u>Conversion</u>

A conversion claim requires that the plaintiff has "(1) ownership of or right to possess the property at time of conversion, (2) that the defendant disposed of the plaintiff's property rights or converted the property by wrongful act, and (3) damages." Bank of New York v. Fremont General Corp., 523 F.3d 902, 914 (9th Cir. 2008). Here, Plaintiff has established exclusive ownership of the distribution rights to the Program. (Doc. 76-2, Pl's Aff. ¶¶ 3-4.)  *See G & G Closed Cir. Events, LLC v. Saddeldin*, No. 1:10-cv-00062-AWI-SKO, 2010 WL 3036455, at *4 (E.D. Cal. Aug. 2, 2010) (concluding that exclusive distribution rights constitute a right to possession of property for purposes of conversion).

Additionally, Plaintiff has demonstrated that Defendant exhibited the Program without a sublicense causing Plaintiff to suffer loss of the sublicensing fee. (Doc. 76-1 at 17.) Plaintiff's investigator observed a maximum of 25 patrons in Rico's Pizza, with an approximate capacity of 70 people. (Doc. 76-3 at 2.)  The rate card for the Program states a sublicensing fee of $600 for a capacity of 1-100 people. (Doc. 76-2 at 35.)  Plaintiff has established damages for conversion in the amount of $600. *See La Placita RM Rest.*, 2023 WL 5035674, at *3.  Thus, Plaintiff has established a claim for conversion.

Based on the above, the Court finds that the second and third *Eitel* factors weigh in favor of default judgment.

      **3. Sum of Money at Stake**

Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003).

Here, Plaintiff seeks $3,000 in statutory damages and $20,000 in enhanced damages under

Section 605.  (Doc. 76-1 at 9.)  Plaintiff also seeks $600 in damages for conversion, an amount equal to the sublicensing fee.  (*Id.*; Doc. 76-2 at 35.)  The total amount of damages that Plaintiff seeks is not large, but courts are granted discretion in awarding damages.  As discussed below, the Court declines to recommend judgment in the full amount requested.  This factor therefore does not weigh against default judgment.

### 4. Possibility of Disputed Material Facts

The fifth *Eitel* factor examines the likelihood of a dispute between the parties regarding the material facts in the case.  A defendant is "deemed to have admitted all well-pleaded factual allegations" in the complaint upon entry of default.  *DIRECTV*, 503 F.3d at 851.  Here the possibility of a dispute regarding a material fact is minimal because Defendant has shown no intent to participate further in this action and default has been entered.  This factor therefore weighs in favor of default judgment.

### 5. Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor considers the possibility that Defendant's default resulted from excusable neglect.  *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  Here, the Court finds the possibility of excusable neglect to be remote given Defendant's decision not to participate further in this action.  According to the record, Defendant failed to appear at the pretrial conference on August 26, 2024, and failed to respond to the show cause order issued on August 27, 2024, despite the Court's warning that the failure to respond would result in the Court striking Defendant's answer and entering default.  (Doc. 72.)  This factor therefore weighs in favor of default judgment.

### 6. Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible."  *Eitel*, 782 F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action.  *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. Mar. 5, 2010).  Although the Court is cognizant of the policy favoring decisions on the merits, such a decision is not possible here because Defendant has ceased participation in this action.  Accordingly, the Court finds that this factor does not weigh

against entry of default judgment.

Accordingly, the Court will recommend that Plaintiff's application for default judgment be granted.

### B. Calculation of Damages

Plaintiff seeks $3,000 in statutory damages and $20,000 in enhanced damages under Section 605. (Doc. 76-1 at 9.) Plaintiff also seeks $600 in damages for conversion, an amount equal to the sublicensing fee. (*Id.*; Doc. 76-2 at 35.)

#### 1. Damages Under 47 U.S.C. § 605

Section 605 allows a plaintiff to recover an award of statutory damages for each violation "in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). The statute further provides that enhanced damages may be awarded up to $100,000 where the court finds that "the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. 605(e)(3)(C)(ii). Courts maintain their discretion in determining the appropriate amount of damages. *Kingvision Pay–Per–View, Ltd. v. Backman*, 102 F. Supp. 2d 1196, 1198 (N.D. Cal. 2000).

a. Statutory Damages

Plaintiff's application for default judgment seeks $ 3,000 in statutory damages. (Doc. 76-1 at 9, 11.) The Court can consider the following factors when determining statutory damages: promotional advertising by the defendant, the capacity of the establishment, the number of patrons present at the time of the broadcast, a cover charge, the number and size of televisions used for the broadcast, and whether a premium was charged on food and drink. *Integrated Sports Media, Inc. v. Naranjo*, No. 1:10-CV-00445, 2010 WL 3171182, at *4 (E.D. Cal. Aug. 11, 2010); *see also La Placita RM Rest.*, 2023 WL 5035674, at *4. The Court may also consider whether the defendant is a repeat offender. *Backman*, 102 F. Supp. 2d at 1198-99. Courts weigh all factors, awarding statutory damages "according to the totality of the relevant circumstances." *G & G Closed Cir. Events, LLC v. Olvera*, No. 2:18-CV-02467 MCE AC, 2020 WL 1503376, at *3 (E.D. Cal. Mar. 30, 2020).

Here, Plaintiff has submitted evidence that Defendant advertised showing the Program on

the Facebook page for Rico's Pizza. (Doc. 76-4, Riley Decl. ¶ 9 and Ex. 1.) Further, the investigator's affidavit submitted by Plaintiff identifies an approximate capacity of 70 people at the establishment and that headcounts by the investigator at three separate times were 22, 25, and 25. (Doc. 76-3 at 2.) The investigator also reported that the Program was shown on 4-5 televisions, and the televisions were approximately 50 inches. (*Id.*) Plaintiff provided no evidence that Defendant imposed a cover charge, charged a premium on food and drinks, or that Defendant was a repeat offender.

Under these circumstances, the Court will recommend an award of statutory damages in the amount of $2,000—more than twice the amount Defendant would have paid for a proper sublicense. The amount is proportional to the violation, while serving as deterrence of future violations as Section 605 intended. Additionally, the amount aligns with statutory damages awarded in similar circumstances in this district. *See G&G Closed Cir. Events, LLC v. Hunter*, No. 2:22-cv-1059-JAM-KJN, 2023 WL 6940173, at *5 (E.D. Cal. Oct. 20, 2023) (recommending "award of statutory damages in the amount of $2,600—twice the amount defendants would have paid for a license" where 30-35 patrons present, first-time offender defendant advertised, and collected a cover charge); *La Placita RM Rest*, 2023 WL 5035674, at *4 (recommending "award of statutory damages in the amount of $3,000—more than twice the amount defendants would have paid for a license" where sublicense amount was $1,300, 6 patrons were present, first-time offender defendant advertised, but collected no cover charge); *G & G Closed Cir. Events, LLC v. Velasquez*, No. 1:20-cv-01736-NONE-SAB, 2021 WL 3164096, at *11 (E.D. Cal. July 27, 2021) (recommending double the statutory minimum, or $2,000, where defendants advertised on Facebook, but there was little evidence regarding the extent of commercial advantage); *G & G Closed Circuit Events, LLC v. Barajas-Quijada*, Case No. 1:19-cv-1259 AWI JLT, 2020 WL 64782, at *5 (E.D. Cal. Jan. 7, 2020) (recommending "award of $5,600—which is twice the cost of a proper sublicense" where 54 patrons were present, defendant advertised, and collected a cover charge).

    b. <u>Enhanced Damages</u>

Plaintiff seeks enhanced damages in the amount of $20,000. (Doc. 76-1 at 11.) Factors

considered by courts in assessing enhanced damages include: (1) repeat violations; (2) the extent of the unlawful monetary gains; (3) actual damages to the plaintiff; (4) the defendant's advertising for the broadcast of the event; (5) charging cover to enter the establishment to view the event; or (6) charging a premium for food or drinks during the event. *Velasquez*, 2021 WL 3164096, at *11 (citations omitted).

The Court finds that enhanced damages are appropriate, but declines to recommend the requested amount of $20,000. There is no indication that Defendant is a repeat offender and there is no evidence of the extent of Defendant's unlawful monetary gains. Although Plaintiff's investigator counted between 22 and 25 patrons during the broadcast, there is no indication that this number was attributable to the Program. There also was no cover charge or evidence of any premium charged for food or drinks during the broadcast. However, Defendant did advertise the event on Facebook, which at least one court in this district has found significant. *See Velasquez*, 2021 WL 3164096, at *12.

Under the circumstances, the Court does not agree that the enhanced damages award in the amount requested is warranted. Given the relatively small amount of actual damages of $600 for an establishment this size and the absence of evidence of other enhancing factors aside from advertising, the Court finds an award of $2,400 in enhanced damages, or about four times the value of the commercial license to air the Program, is appropriate. *See Velasquez*, 2021 WL 3164096, at *12 (recommending enhanced damages award of $2,400, "or about four times (4x) the amount of actual conversion damages" given evidence of advertising on Facebook and goals of deterrence). Accordingly, the Court will recommend an enhanced damages award of $2,400.

        c.  Conversion

Plaintiff seeks $600 in damages for conversion under California Civil Code § 3336. A plaintiff in action for conversion may recover the value of the property at the time of conversion. *Kruger v. Bank of America*, 145 Cal. App. 3d 204, 215 (1983); Cal. Civ. Code. § 3336. An establishment the size of Rico's Pizza would have been required to pay $600 to obtain a commercial sublicense to broadcast the Program. (Doc. 76-2 at 35.)

The Court recognizes that some courts in this District have declined to award both

statutory damages and damages for conversion. *See*, *e.g.*, *La Placita RM Rest.*, 2023 WL 5035674, at *5 ("Given that plaintiff sought and has been awarded statutory damages under Section 605, plaintiff has been sufficiently compensated, and an additional award for conversion is redundant."); *Barajas-Quijada,* 2020 WL 635264 at *4 ("this Court has repeatedly declined to award damages for conversion in addition to statutory damages for the same wrong"); *J & J Sports Prods. Inc. v. Cervantes*, No. 1:16-cv-00485-DAD-JLT, 2018 WL 3702298, at *7 (E.D. Cal. Aug. 2, 2018) ("[B]ecause Plaintiff elected to receive statutory damages rather than actual damages under the Communications Act, the Court finds any damages for conversion are subsumed into the total award of $8,000.")  However, other courts in this District have reached the opposite conclusion and awarded statutory damages under § 605 and damages for the California state tort of conversion. *See*, *e.g.*, *Hunter*, 2023 WL 6940173, at *6 (recommending an award of statutory damages, enhanced damages, and damages for conversion); *Velasquez*, 2021 WL 3164096, at *12 (recommending an award of statutory damages, enhanced damages, and damages for conversion); *Olvera*, 2020 WL 1503376 (E.D. Cal. Mar. 30, 2020) (awarding $60,000 in statutory and enhanced damages and $12,500 for conversion); *J & J Sports Prods., Inc. v. Garcia*, No. 1:15-cv-01034-DAD-BAM, 2016 WL 70165, at *6 (E.D. Cal. Jan. 6, 2016) (recommending award of compensatory damages, enhanced damages, and conversion damages); *J & J Sports Prods., Inc. v. Ortega*, No. 115CV00506JAMBAM, 2015 WL 8845563, at *6 (E.D. Cal. Dec. 16, 2015) (same).  The Court will follow its prior recommendations and those courts granting conversion damages in addition to statutory damages.  Accordingly, the Court will recommend an award of $600 for conversion.

          d.   <u>Attorneys' Fees and Costs</u>

Title 47 U.S.C. § 605 mandates an award of costs and attorneys' fees to an aggrieved party.  Specifically, the section states that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii).  Plaintiff requests fourteen (14) days from the entry of judgment to submit its motion for costs and attorneys' fees.  The Court finds the request appropriate and recommends Plaintiff be allowed to submit such request within fourteen (14) days of entry of judgment.

**CONCLUSION AND RECOMMENDATIONS**

For the reasons stated, the Court RECOMMENDS as follows:

1. Plaintiff's application for default judgment be GRANTED in part.

2. Judgment be entered in favor of Plaintiff and against Defendant in the total amount of $5,000.00, as follows:

    a. $2,000.00 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

    b. $2,400.00 in enhanced statutory damages pursuant to 47 U.S.C. § 605(e)(3(C)(ii);

    c. $600.00 in damages for conversion.

3. Plaintiff be ordered to submit a motion for costs and attorneys' fees within fourteen (14) days from the date of entry of judgment.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  **Within fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 7, 2025**              /s/ Barbara A. McAuliffe            
                                                          UNITED STATES MAGISTRATE JUDGE

11