UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, | Case No.: 1:20-cv-1745 JLT BAM |
| Plaintiff, | ORDER ADOPTING IN PART THE FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| v. | |
| OSCAR DORADO AGUILAR, individually and doing business as Rico's Pizza, | (Docs. 76, 77) |
| Defendant. | |

G & G Closed Circuit Events, LLC, asserts that it held the exclusive rights to the nationwide commercial distribution of *Daniel Jacobs v. Julio Cesar Chavez, Jr. Championship Fight Program*, telecast nationwide on Saturday, December 20, 2019. Plaintiff asserts Oscar Dorado Aguilar, individually and doing business as Rico's Pizza, violated its exclusive rights to the broadcast, and Plaintiff seeks to hold Defendant liable for violations of the Communications Act, 47 U.S.C. § 605; the Cable & Television Consumer Protection Act, 47 U.S.C. § 553; conversion under state law; and California Business & Professions Code § 17200. (*See generally* Doc. 1.) Following the Clerk's entry of default, Plaintiff now seeks default judgment against Defendant on the claims for violations of Section 605 under the Communications Act and conversion. (Doc. 76.)

Examining the sufficiency of the complaint, the magistrate judge found Plaintiff alleged sufficient facts to state a claim for breach of contract against Defendant for a violation of the Communication Act and conversion. (Doc. 77 at 4-5.) The magistrate judge determined the factors

identified by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) weighed in favor of default judgment. (*Id.* at 3-7.) The magistrate judge found Plaintiff was entitled to statutory damages in the amount of $2,000, after considering the advertising for the event on a Facebook page for Rico's pizza, the capacity of Rico's Pizza, the number of patrons present, the televisions used for the broadcast, and the $600 amount Defendant would have paid for a proper sublicense. (*Id.* at 7-8.) The magistrate judge also found Plaintiff was entitled to enhanced damages and recommended the Court award $2,400 in enhanced damages. (*Id.*) Finally, the magistrate judge recommended the Court award $600 in damages for conversion. (*Id.* at 9-10.)

The Court served the Findings and Recommendations on Plaintiff and notified it that any objections were due within 14 days. (Doc. 77 at 11.) The Court also advised Plaintiff the "failure to file objections within the specified time may result in the waiver of the 'right to challenge the magistrate's factual findings' on appeal." (*Id.*, quoting *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the findings related to the statutory damages and enhanced damages are supported by the record and proper analysis. However, as the magistrate judge acknowledged, this Court has declined to award damages for conversion in addition to statutory damages. Because such the damages for conversion are redundant of— and subsumed into—the damages awarded for Section 605, the Court declines to award a separate amount for conversion. *See, e.g.*, *G & G Closed Circuit Events, LLC v. La Placita RM Rest. Inc.*, 2023 WL 5846676, at *1-2 (E.D. Cal. Sept. 8, 2023) (adopting the recommendations to award statutory damages and enhanced damages under Section 605 on a motion for default judgment, and declining to award damages for conversion because "such an award would be redundant to the amount in statutory damages"); *G & G Closed Circuit Events, LLC v. Barajas-Quijada*, 2020 WL 635264 at *4 (E.D. Cal. Feb. 11, 2020) ("this Court has repeatedly declined to award damages for conversion in addition to statutory damages for the same wrong") (collecting cases). Accordingly, the Court declines to adopt the recommendation for a separate award for conversion. *See La Placita RM Rest. Inc.*, 2023 WL 5846676, at *1-2; *J & J Sports Prods. v. Argueta,* 224 F.Supp.3d 700, 703 (W.D. Ark. 2016) ("as a matter of law that if liability is

established for both a violation of § 605 and the conversion claim, [the plaintiff] must elect its remedy because the Court will not allow recovery for both").

Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations dated January 7, 2025 (Doc. 77) are **ADOPTED** in part.
2. Plaintiff's motion for default judgment is **GRANTED** in part, in the modified amount of $2,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and $2,400.00 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3(C)(ii), for a total award of **$4,400.00**.
3. Plaintiff's request for damages for conversion is **DENIED**.
4. Judgment **SHALL** be entered in favor of Plaintiff G & G Closed Circuit Events, LLC and against Defendant Oscar Dorado Aguilar, individually and doing business as Rico's Pizza.
5. Plaintiff shall file any motion for attorneys' fees pursuant to 47 U.S.C. § 605 and costs no later than 14 days from the entry of judgment. **Failure by Plaintiff to file such a motion within the time provided will result in an order directing the Clerk of Court to close this case.**

IT IS SO ORDERED.

Dated:   **January 29, 2025**                             /s/ Jennifer L. Thurston
                                                           UNITED STATES DISTRICT JUDGE