**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

G & G CLOSED CIRCUIT EVENTS, LLC,

Plaintiff,

v.

OSCAR DORADO AGUILAR, individually and doing business as Rico's Pizza,

Defendant.

Case No. 1:20-cv-01745-JLT-FJS

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS

(Doc. 80)

## I. INTRODUCTION

G & G Closed Circuit Events, LLC, asserted causes of action for violation of the Communications Act of 1934 (47 U.S.C. § 605), a violation of the Cable & Television Consumer Protection and Competition Act of 1992 (47 U.S.C. § 553), state law conversion, and violation of California's Unfair Competition Law (Bus. & Prof. Code §§ 17200 et seq.) against Defendant Oscar Dorado Aguilar, individually and d/b/a Rico's Pizza, based on the unlawful interception and broadcast of the *Daniel Jacobs v. Julio Cesar Chavez, Jr. Championship Fight Program,* telecast nationwide on Saturday, December 20, 2019 to which Plaintiff had the exclusive nationwide commercial distribution rights. (Doc. 1).

The Clerk entered Defendant's default for failure to answer the complaint. (Doc. 75). Plaintiff was granted default judgment and awarded $2,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and $2,400.00 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3(C)(ii), for a total damage award of $4,400.00. (Docs. 78, 79).

Presently before the Court is Plaintiff's timely and unopposed motion for attorney's fees and costs.[1] (Doc. 80). The Court finds the matter suitable for decision without oral arguments. (*See* Doc. 31 [Standing Order]; Doc. 81 [Minute Order]; E.D. Cal. LR 230(g)). For the reasons set forth below, the motion is **GRANTED** in the modified total amount of $**15,138.25**.

## II. LEGAL STANDARD

Aggrieved parties prevailing under the Communications Act are entitled to the recovery of "full costs" and "reasonable attorneys' fees." 47 U.S.C. § 605(e)(3)(B)(iii). "Once a party is found eligible for fees, the district court must then determine what fees are reasonable." *Roberts v. City of Honolulu*, 938 F.3d 1020, 1023 (9th Cir. 2019) (quoting *Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016)). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), *superseded in part by statute on other grounds as stated in Fletcher v. Doig*, 145 F.4th 756, 768 (7th Cir. 2025) (discussing recovery of attorney's fees under 42 U.S.C. § 1988).

In general, district courts in the Ninth Circuit apply the lodestar method to determine whether a fee request is reasonable under § 605. *See, J & J Sports Prods. v. Cervantes*, 2019 WL 935387, at *2 (E.D. Cal. Feb. 26, 2019) ("The court determines the amount of reasonable attorneys' fees by applying the 'lodestar' method" for fees recoverable under § 605(e)(3)(B)(iii)); *G & G Closed Cir. Events, LLC v. Parker*, 2021 WL 164998, at *2 (S.D. Cal. Jan. 19, 2021) (using the lodestar method to evaluate a fee request under § 605); *Joe Hand Promotions, Inc. v. Be*, 2011 WL 5105375, at *6 (N.D. Cal. Oct. 26, 2011) (same).

A court may then adjust the lodestar amount in either direction based on a series of factors identified by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.* 526 F.2d 67 (1975), *abrogation on other grounds recognized by Whitaker v. SMB Group*, (9th Cir. 2023); *see also McGrath v. Cnty. of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995) ("In determining what constitutes a

---

[1] Pursuant to E.D. Cal. LR 230(c) "A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion[.]" The Court deems the instant motion to be unopposed given Defendant's failure to file an opposition. Still, in awarding attorneys' fees, the Court must first evaluate the reasonableness of those fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

reasonable fee, the district court should take into account the factors set forth in *Kerr* . . . that it finds to be relevant."); *G & G Closed Cir. Events, LLC v. Hunter*, 2024 WL 1311860, at *1 (E.D. Cal. Mar. 27, 2024) (the court may modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure); E.D. Cal. LR 293(c). Those factors include 1) the time and labor required; 2) the novelty and difficulty of the questions involved; 3) the skill required to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Kerr*, 526 F.2d at 70. In addition to the *Kerr* factors, this District considers "such other matters as the Court may deem appropriate under the circumstances" when awarding fees. E.D. Cal. L.R. 293(c)(13).

There is a strong presumption in favor of viewing the lodestar amount as reasonable, with an adjustment either upward or downward being appropriate only in the rare and exceptional case. *Van Gerwen v. Guarantee Mut. Life Co*., 214 F.3d 1041, 1045 (9th Cir. 2000); *Mitchell v. Chavez*, 2018 WL 3218364, at * 2 (E.D. Cal. 2018) (same). Nevertheless, in calculating the lodestar, "the district court should exclude hours that are excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana, et al*., 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).

The party seeking an award of attorney's fees bears the burden of producing documentary evidence demonstrating "the number of hours spent, and how it determined the hourly rate(s) requested." *Id*. Then the burden shifts to the opposing party to submit evidence "challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Ruff v. County of Kings*, 700 F. Supp. 2d 1225, 1228 (E.D. Cal. 2010).

**III. DISCUSSION**

Plaintiff asserts that it is a prevailing aggrieved party under 47 U.S.C. § 605 and is entitled to an award of fees and costs. (Doc. 80 at 2-3). Plaintiff seeks to recover for the work of attorney

Thomas P. Riley at a rate of $675.00 per hour, and for the work of an unnamed research attorney at the rate of $325 per hour. (*Id.* at 6; Doc. 80-1 at 2). Mr. Riley avers "these rates are comparable to rates for attorneys with similar skill, experience, and expertise in a particular field." (Doc. 80-1 at 2).

According to Mr. Riley, the billable hours claimed are not recorded simultaneously, but are "reconstructed by way of a thorough review of the files themselves." (Doc. 80-1 at 2-3). Mr. Riley avers that "[h]aving handled thousands of commercial signal piracy files over the last decade and a half, we are most capable of calculating billable hours for legal services rendered . . . and while we do not use billing software, we do keep contemporaneous notes with respect to the dates and times the substance of the work is done." (*Id.* at 2-3).

Based on this system, Plaintiff seeks to recover attorney's fees totaling $48,270.00, consisting of $32,670.00 for Mr. Riley (i.e. 48.4 hours at $675 per hour) and $15,600.00 for the research attorney (i.e. 48 hours at $325 per hour). Plaintiff also seeks to recover costs in the amount of $1,274.84 consisting of investigative expenses of $650.00, the complaint filing fee of $402.00, FedEx shipping charges of $86.59, service of process fees of $75.00, and photocopying costs of $61.25. (Doc. 80-1 at 10-11). The total attorney's fees and costs sought is $49,544.84. (*Id.*). Mr. Riley avers that "the time spend and expenses incurred were reasonable under the circumstances." (Doc. 80-1 at 1).

**A. Status as Prevailing Aggrieved Party**

Under the Communications Act, a "person aggrieved" includes a party "with proprietary rights in the intercepted communication by wire or radio, including wholesale or retail distributors of satellite cable programming." 47 U.S.C. § 605(d)(6). In the complaint, Plaintiff asserted that it possessed the exclusive, nationwide commercial distribution rights to the *Program*. (Doc. 1 at 2, 6, 12). By granting default judgment, the Court determined Plaintiff prevailed and was aggrieved under the Communications Act. (*See* Docs. 78, 79); *see also J & J Sports Prods., Inc. v. Paz-Padilla*, 2013 WL 6002872, at *1 (Nov. 12, 2013) ("[A] plaintiff who obtains a default judgment may be considered a prevailing party for purposes of awarding fees and costs under [47 U.S.C.] § 605.").

Therefore, Plaintiff is entitled to request an award of fees and costs under § 605. *See G & G Closed Circuit Events v. Velasquez*, 2021 WL 3164096, at *12 (E.D. Cal. July 27, 2021) (noting the plaintiff was entitled to request an award of fees and costs pursuant to § 605 upon a finding that default judgment was appropriate on a claim arising under the Communications Act); *G & G Closed Circuit Events, LLC v. Am. Zamora Zarazua*, 2021 WL 3290425, at *2 (N.D. Cal. Aug. 21, 2021) ("Because the Court has granted default judgment in Plaintiff's favor on the Communications Act claim, . . . Plaintiff is eligible to request reasonable attorneys' fees under § 605(e)(3)(B)(iii)").

**B. Attorney's Fees**

1. Hourly Rate

The Court must determine a reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting fees and should be guided by the prevailing rate in the forum community for similar work performed by comparable attorneys. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987).

The fee applicant bears the burden of producing satisfactory evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Affidavits of the plaintiff['s] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff['s] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990); *see also J & J Sports Prods., Inc. v. Napuri*, 2013 WL 4428573, at *2 (N.D. Cal. Aug. 15, 2013) (same). "Though affidavits provide satisfactory evidence of the prevailing market rate, they are not conclusive." *Cabardo v. Patacsil*, 2022 WL 956951, at *2 (E.D. Cal. Mar. 30, 2022) *(quoting Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008)). Courts rely on their own familiarity with the market in the district where the court sits. *Id.,* citing *Ingram*, 647 F.3d at 928; *see also Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) ("Generally, when determining a reasonable

hourly rate, the relevant community is the forum in which the district court sits.”).

The Court has considered Mr. Riley’s proffer of skill and experience in the context of its prior fee awards in similar matters filed in this District. Notably, Mr. Riley supports his requested $675 per hour rate by attesting to his more than 30 years practicing law specializing in the nationwide litigation of signal piracy claims. (Doc. 80-1 at 2). Mr. Riley avers that he has had a professional relationship with Plaintiff since 2009. (Doc. 80-1 at 3).

However, Mr. Riley's declaration in support of the instant motion does not provide evidence that the requested $675.00 per hour rate is the prevailing market rate in the Eastern District of California’s Fresno Division for similar services by lawyers of reasonably comparable skill, experience and reputation. *See Jadwin v. County of Kern*, 767 F.Supp.2d 1069, 1129 (E.D. Cal. 2011), *overruled in part on other grounds by Mooney v. Roller Bearing Company of America Inc.,* 138 F.4th 1349, 1352 (9th Cir. 2025) (“[T]he Eastern District of California, Fresno Division, is the appropriate forum to establish the lodestar hourly rate in this case.”). Instead, Plaintiff concedes that courts in this District have approved a $350 per hour rate for Mr. Riley’s professional services in similar cases. (*See* Doc. 80 at 7, citing cases); *see also G & G Closed Circuit Events, LLC, v. Hugo Alejandro Navarro-Gonzalez, Individually & Doing Business As Taqueria La Bamba Bar & Grill*, 2026 WL 2935952, at *5 (E.D. Cal. Sept. 30, 2026) (“In line with this Court's and District's prior fee awards and based on the evidence available to the Court, the Court finds Mr. Riley's reasonable hourly fee is $350[.]”); *G & G Closed Cir. Events, LLC v. Velasquez*, 2022 WL 348165, at *5 (E.D. Cal. Feb. 4, 2022) (granting a $350 per hour rate for Mr. Riley); *Cervantes*, 2019 WL 935387 at *3 (observing the previously approved $350 per hour rate for Mr. Riley and increasing it to $375 per hour for a cost of living component requested at hearing); *G&G Closed Cir. Events, LLC v. Barajas-Quijada*, 2020 WL 1640005, at *2 (E.D. Cal. Apr. 2, 2020) (same); J*&J Sports Prod., Inc. v. Barajas*, 2017 WL 469343, at *2 (E.D. Cal. Feb. 2, 2017) (“This court finds that $350.00 is a reasonable hourly rate within the Fresno Division of the Eastern District of California with respect to plaintiff's counsel, Mr. Riley.”).

Therefore, the Court finds an hourly rate of $350.00 to be reasonable given Mr. Riley's fee proffer, level of experience and specialization, and the rate he has been awarded in similar cases

within the District and by this Court. *See United Steelworkers of Am.*, 896 F.2d at 407 ("[R]ate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate."); *cf.* Doc. 80 at 6-7, citing *Cabardo v. Patacsil,* 2022 WL 956951, at *3 (E.D. Cal. Mar. 30, 2022) (a non-signal piracy case finding reasonable the requested hourly rates of plaintiffs' counsel where within a range previously approved by the District's Sacramento Division), *Unit 53, Inc. v. Run Roadlines, Inc*., 2025 WL 373637, at *1 (E.D. Cal. Feb. 3, 2025) (same).

Plaintiff also seeks to recover $325.00 for every hour billed by Mr. Riley's unidentified research attorney. (Doc. 80 at 6; Doc. 80-1 at 2, 8). Mr. Riley avers the research attorney has practiced law for more than 30 years and has assisted his firm with video piracy claims for more than 15 years. (Doc. 80-1 at 2). Still, Mr. Riley acknowledges that courts within this District have found a $225.00 per hour rate to be reasonable for the research attorney's professional services. (Doc. 80 at 7, cases cited); *see also Hugo Alejandro Navarro-Gonzalez, Individually & Doing Business As Taqueria La Bamba Bar & Grill*, 2026 WL 2935952, at *5 ("In line with this Court's and District's prior fee awards and based on the evidence available to the Court, the Court finds . . . the research attorney's reasonable hourly fee is $225."); *G & G Closed Cir. Events, LLC v. Hunter*, 2025 WL 1409807, at *2 (E.D. Cal. May 15, 2025), *report and recommendation adopted sub nom. G&G Closed Cir. Events, LLC v. Hunter*, 2025 WL 1695946 (E.D. Cal. June 17, 2025) ($225 per hour rate is reasonable as to the research attorney); *Velasquez*, 2022 WL 348165, at *5 (granting a $225.00 per hour rate for the research attorney); *Cervantes*, 2019 WL 935387, at *3 ("[P]laintiff will be awarded attorneys' fees based on a rate of $225.00 per hour for its research attorney.").

Therefore, the Court having considered the foregoing including its reduction in Mr. Riley's requested rate finds a reduction in the research attorney's requested rate to $225 per hour is appropriate. See *United Steelworkers of Am.,* 896 F.2d at 407.

2. Hours Expended

The Court must determine whether the hours expended by Mr. Riley and his research attorney over the approximately 5 years the case was pending were reasonable. *See e.g., Hunter*,

2024 WL 1311860, at *2 (citing *Kelly V. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016)).

A fee applicant must provide records documenting the tasks completed and the amount of time spent. *Hensley*, 461 U.S. at 433; *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007). "[C]ounsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers*, 796 F.2d at 1210. "[Counsel] should make a good-faith effort to exclude from a fee request hours that are . . . redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

Courts may reduce the hours expended "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; [or] if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers*, 796 F.2d at 1210 (citing *Hensley*, 461 U.S. at 433-34). Courts in this District have reduced the fee award where the time requested for certain tasks appeared to be unnecessary, excessive, or unreasonable. *See Hunter*, 2024 WL 1311860, at *3 9 (citing *Joe Hand Promotions, Inc. v. Albright*, 2013 WL 4094403, at *4 (E.D. Cal. Aug. 13, 2013)) (collecting cases); *Cervantes*, 2019 WL 935387, at *4 (same); *see also Barajas*, 2017 WL 469343, at *3 (*quoting Albright,* 2013 WL 4094403, at *4) (same).

Similarly, a court may reduce a fee applicant's blocking billing to a reasonable amount. *See J & J Sports Prods., Inc. v. Corona*, 2014 WL 1513426, at *2 (E.D. Cal. Apr. 16, 2014), *report and recommendation adopted* 2014 WL 1767691 (E.D. Cal. May 2, 2014) (citing *Fischer v. SJB–P.D. Inc.,* 214 F.3d 1115, 1121 (9th Cir. 2000)) (where the attorney presents time expended in "blocks," the Court may "simply reduce[ ] the fee to a reasonable amount."); *see also Welch,* 480 F.3d at 948 ("We do not quarrel with the district court's authority to reduce hours that are billed in block format").

Here, Mr. Riley's declaration in support of the instant motion is accompanied by a billing statement itemizing the time he and the research attorney worked on the case. (*See* Doc. 80-1 at 1-16). As noted, Plaintiff seeks to recover $32,670.00 in fees for Mr. Riley (48.4 hours expended at $675 per hour), and $15,600.00 in fees for the research attorney (48 hours expended at $325 per hour). Mr. Riley avers all this time was "reasonable under the circumstances." (Doc. 80-1 at 1, 6-11). Particularly, Mr. Riley suggest this was not a "run of the mill" piracy case, pointing to the

pleading and motion practice. For example, he observes the case was stayed for Ninth Circuit review of a relevant issue, namely Defendant's internet defense; that Defendant brought a counseled motion for summary judgment which necessitated Plaintiff's successful opposition; that counsel negotiated a settlement with the then pro se Defendant only to have Defendant repudiate the settlement; that Defendant failed to cooperate with Mr. Riley in preparation of a joint pretrial conference statement and in pre-trial proceedings; and that Defendant then discontinued participation in the matter, leaving Plaintiff to pursue the default judgment. (Doc. 80 at 5-6).

The Court uses its own experience and discretion to determine the reasonableness of each time entry in Plaintiff's billing statement, and make adjustments accordingly. *See G&G Closed Cir. Events LLC v. Alexander*, 2020 WL 3574552, at *3 (D. Ariz. July 1, 2020).

*a. Line Item Reductions – Mr. Riley*

The Court has examined Mr. Riley's line items in the fee statement and finds the following to be "unnecessary, excessive, or unreasonable." *Albright*, 2013 WL 4094403, at *4.

Entries for review and filing of Docs. 4, 6, 7, 9, 12, 13, 14, 16, 17, 19, 20, 23, 27, 29, 30, 33, 35, 36, 37, 41, 42, 46, 50, 51, 53, 54, 57, 63, 64, 66, 67, 70, 71, relate to a series of very minor and partially clerical tasks each billed at 0.2 hours which reasonably each should have been billed at 0.1 hours. (*See* Doc. 80-1 at 6-10); *see also G & G Closed Cir. Events, LLC v. Miranda*, 2022 WL 35602, at *2 (N.D. Cal. Jan. 4, 2022) ("While the Court recognizes that attorneys must spend time reviewing and managing the electronic docket, Plaintiff may not bill time for each glance at a one-line docket entry."); *Hunter,* 2025 WL 1409807, at *2 (observing that clerical tasks are not compensable, and Mr. Riley's series of very minor tasks billed at 0.2 hours seemingly should have been billed at 0.1 hours); *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) ("When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors."). Therefore, the Court reduces Mr. Riley's hours expended by 3.3, as excessive.

The March 5, 2021 entry relating to review of Doc. 4 is redundant of the December 10, 2020, entry for review of the same document. (*See* Doc. 80-1 at 6). Both entries are billed at 0.2

hours. Therefore, the Court reduces Mr. Riley's hours expended by 0.2, as duplicative.

The entries dated July 29, 2020, September 24, 2020, and November 18, 2020, relating to the Second, Third, and Final Demand Letters are each billed at 0.55 hours which is the same amount of time billed for the July 17, 2020 Initial Demand Letter. (*See* Doc. 80-1 at 6). Therefore, the Court reduces Mr. Riley's hours expended by 0.75, as excessive.

The March 2, 2021, entry relating to preparation, review, execution, filing, and service of Doc. 10 (a 2-page ex parte application), is billed at 0.75 hours. (*See id*.). The Court reduces Mr. Riley's hours expended by 0.4, as excessive

The January 19, 2024, entry relating to preparation, review, execution, filing, and service of Doc. 52, a 3-line statement of non-opposition to defense counsel's motion to withdraw, is billed at 0.5 hours. (*See* Doc. 80-1 at 9). The Court reduces Mr. Riley's hours expended by 0.4, as excessive.

The March 6, 2024, entry relating to preparation, review, execution, filing, and service of Doc. 59, a 10-line notice of settlement, is billed at 0.75 hours. (*See id*.). The Court reduces Mr. Riley's hours expended by 0.5, as excessive.

The March 27, 2024, entry relating to preparation, review, execution, filing, and service of Doc. 61, a 6-line notice of withdrawal of notice of settlement, is billed at 0.5 hours. (*See id*.). The Court reduces Mr. Riley's hours expended by 0.3, as excessive.

The August 20, 2024, entry relating to review and filing of Doc. 70, a 4-line pre-trial conference minute order, is billed at 0.75 hours. (*See* Doc. 80-1 at 10). The Court reduces Mr. Riley's hours expended by 0.5, as excessive.

The February 13, 2025, entry relating to preparation of the instant motion for attorney's fees and costs, billed at 2.0 hours, is redundant of the research attorney's identical efforts included in an entry of the same date and billed at 2.5 hours. (*See id*.). Therefore, the Court reduces Mr. Riley's hours expended by 1.0, as excessive.

*b. Line Item Reductions – Research Attorney*

The Court has examined the research attorney line items in the fee statement and finds the following to be "unnecessary, excessive, or unreasonable." *Albright*, 2013 WL 4094403, at *4.

These block time entries lack requisite specificity as to work performed and relatedly practice economies of scale. *See Welch*, 480 F.3d at 948 (a district court has "authority to reduce hours that are billed in block format" because "block billing makes it more difficult to determine how much time was spent on particular activities."); *Hunter*, 2025 WL 1409807, at *2 (block-billed tasks prevent the Court from determining how much time within each entry was spent on compensable tasks); *Hugo Alejandro Navarro-Gonzalez, individually & doing business as Taqueria La Bamba Bar & Grill,* 2026 WL 2935952, at *8 ("[T]he Court finds Mr. Riley has built an economy of scale in commercial signal piracy matters.").

Particularly, the January 21/27, 2023, block time entries relating to discovery research, review, and response totaling 4.5 hours lack requisite detail as to time spent on particular activities, and are excessive given the straightforward nature of the proffered discovery. (*See* Docs. 40-6, Ex. 1). Therefore, the Court reduces the research attorney's hours expended by 2.25, as unreasonable.

The May 12, 2023, block time entry relating to preparation of the opposition to Defendant's summary judgment motion, totaling 29 hours, lacks requisite detail as to time spent on particular activities, and belies practice economies of scale and the relatively brief and straightforward summary judgment motion. (*See* Doc. 39). For example, Defendant's summary judgment motion spanned 23 pages, raised only an internet defense, and was supported by six undisputed material facts and Defendant's 14 line declaration. (*See* Docs. 39, 39-1, 39-2). Notably, Plaintiff's opposition response to Defendant's internet defense had the benefit of Plaintiff's briefing in its Ninth Circuit appeal relating to that alleged defense. (*See* Docs. 26, 33, 40). Therefore, the Court reduces the research attorney's hours expended by 14.5, as unreasonable.

The December 6, 2024, block time entry relating to preparation of the application for default judgment, totaling 4 hours, lacks requisite detail as to time spent on particular activities, and implicated practice economies of scale. For example, the default judgment motion and the opposition to the motion for summary judgment drew upon the same or similar evidentiary facts. (*See e.g.,* Docs. 40-4, 40-5, 76-2, 76-3, 76-4). Therefore, the Court reduces the research attorney's

hours expended by 2.0, as unreasonable.

*c. Reduction for Reconstructed Fees*

The Court finds Plaintiff's billing statement to be inherently less reliable because it is not based upon contemporaneous billing, but rather relies upon estimated reconstruction of fees including block billing in lieu of actual billing records. Mr. Riley explains the hours are reconstructed by reviewing the file and notes at some later time. (Doc. 80-1 at 2-3). While a contemporaneous billing system is not necessary to recover attorneys' fees, it is preferred. *Fischer*, 214 F.3d at 1121.

Courts including courts within this District have found Mr. Riley's practice of eschewing contemporaneous billing to be less reliable and have reduced fee awards proportionately across the board. *See Napuri*, 2013 WL 4428573, *2 ("Absent the submission of detailed contemporaneous time records justifying the hours claimed to have been expended on this case, the Court gives little weight to the figures provided by Plaintiff."); *Hunter*, 2025 WL 1409807, at *2 , at *1 (same); *Miranda*, 2022 WL 35602, at *1 (citing *Eckerhart*, 461 U.S. at 438 n.13) (finding that the district court properly reduced the hours of one attorney by 30% to account for his failure to keep contemporaneous time records); *G & G Closed Cir. Events, LLC v. Hernandez*, 2021 WL 3290422, at *2 (S.D. Cal. Aug. 2, 2021) (reducing Mr. Riley's total hours by 10% to mitigate against the risks associated with non-contemporaneous billing even though the hours expended were not excessive, redundant, or otherwise unnecessary).

Here, the Court finds a lack of evidence supporting the veracity of Mr. Riley's reconstruction. *See Hensely*, 461 U.S. at 434 (a district court should also exclude from the lodestar fee calculation any hours that were not "reasonably expended," such as hours that are excessive, redundant, or otherwise unnecessary); *see also Cervantes*, 2019 WL 935387, at *2 (citing *Hensley*, 461 U.S. at 433) ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly.")

Therefore, the Court reduces Plaintiff's total billed hours by 30% to account for the lack of contemporaneous billing, the block-billing entries, and the itemized unreasonable billing amounts including non-compensable duplicative and clerical tasks, discussed above. *See Hugo*

*Alejandro Navarro-Gonzalez, Individually & Doing Business As Taqueria La Bamba Bar & Grill*, 2026 WL 2935952, at *8 (E.D. Cal. Sept. 30, 2026) ("In keeping with this Court's and District's treatment of inadequate and unreasonable billing like what Mr. Riley presents again in this action, this Court reduces the remaining billed hours by thirty percent."). In so doing, the Court takes into account its "overall sense of [the] suit, and may use estimates in calculating and allocating an attorney's time." *Innovative Sports Mgmt., Inc. v. Sandoval*, 2026 WL 2276947, at *2 (C.D. Cal. Aug. 5, 2026) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011).

3. <u>Loadstar Calculation</u>

The Court, taking into account the reduced hourly rates and hours expended as discussed above, and thereupon applying an across the board 30% reduction, calculates the loadstar fee amount for Mr. Riley's to be $10,055.50 (i.e. $350 per hour multiplied by 28.73 hours).[2]

For the research attorney, taking into account the reduced hourly rates and hours expended as discussed above, and thereupon applying an across the board 30% reduction, the Court calculates the loadstar fee amount to be $4605.75 (i.e. $225 per hour multiplied by 20.47 hours).[3]

After calculating the lodestar, "the district court then assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the *Kerr* factors that are not already subsumed in the initial lodestar calculation." *Hugo Alejandro Navarro-Gonzalez, individually & doing business as Taqueria La Bamba Bar & Grill,* 2026 WL 2935952, at *2 (citing *Morales v. City of San Rafael*, 96 F.3d 359, 363–64 (9th Cir. 1996)).

Here, the Court finds the applicable *Kerr* factors are subsumed in the lodestar amount such that this is not the "rare and exceptional case" where the lodestar does not already reflect these factors.[4] *See Welch*, 480 F.3d at 946 (Only "in rare and exceptional cases" does the lodestar

---

[2] Reasonable hours expended by Mr. Riley are calculated as follows: The total 48.4 hours requested minus 7.35 hours in line item reductions = 41.05 hours; 41.05 hours reduced by 30% = <u>28.73 hours</u>.

[3] Reasonable hours expended by the research attorney are calculated as follows: The total 48 hours requested minus 18.75 hours in line item reductions = 29.25 hours; 29.25 hours reduced by 30% = <u>20.47 hours</u>.

[4] Plaintiff concedes that several of the *Kerr* factors that might warrant upward adjustment, i.e. preclusion of other employment, time limits, and undesirability, are inapplicable here. (*See* Doc. 80 at 5); *see also Jordan v. Multnomah County*, 815 F.2d 1258, 1263 n.11 (9th Cir. 1987) (noting the Ninth Circuit no

not already reflect these factors.”).

Additionally, the Court observes this fee recovery amount is within the range of Plaintiff's recent awards in similar cases in the District. *See Hugo Alejandro Navarro-Gonzalez, individually & doing business as Taqueria La Bamba Bar & Grill*, 2026 WL 2935952, at *11 (E.D. Cal. Sept. 30, 2026) (awarding attorney's fees of $18,616.50 on damages of $7,860.00); *Hunter*, 2025 WL 1409807, at *4 (E.D. Cal. May 15, 2025) (awarding attorney's fees of $8,250.00 on damages of $4,500.00); *Hunter*, 2024 WL 1311860, at *4 (E.D. Cal. Mar. 27, 2024) (awarding attorney's fees of $7,293.75 on damages of $6,900.00); *Cervantes*, 2019 WL 935387, at *4 (awarding attorney's fees of $8,081.00 on damages of $8,000.00); *Barajas*, 2017 WL 469343, at *3 (awarding attorney's fees of $1,102.00 on damages of $9,500.00).

Therefore, the Court finds the total loadstar attorney's fees amount of $14,661.25 is reasonable for the work completed, skill required, and results achieved in this action.

**C. Costs**

Plaintiff seeks costs in the amount of $1,274.84, which includes $650.00 for investigative expense, $86.59 in FedEx shipping charges, $402.00 for the Court's filing fee, and $75.00 for service of process fees. (Doc. 80 at 8; Doc. 80-1 at 10-11).

A plaintiff is entitled to recover “full costs” under 47 U.S.C. § 605(e)(3)(B)(iii). Still, “there is a limit as to what costs are compensable, and sufficient documentation must be provided to support that the costs were reasonable.” *Hunter,* 2024 WL 1311860, at *3.

1. Investigative Costs

Plaintiff seeks pre-litigation investigation costs and points to a redacted invoice from Lighthouse Investigative Services, Inc. in the amount of $650.00 related to “Ricos Pizza, Winton CA” for the “12/20/19 Daniel Jacobs v. Julio Cesar Chavez, Jr.” event. (Doc. 80-1 at 13).

Plaintiff acknowledges a split of authority with respect to whether such costs are recoverable and the type of evidence required in support. (Doc. 80 at 8-9, cases cited). Plaintiff observes courts in this District have both awarded and declined to award such costs. (*Id.*, citing *J & J Sports Productions, Inc. v. Pagliaro*, 2014 WL 7140605, *2 (E.D. Cal. Dec. 12, 2014)

---

longer requires a court to address every *Kerr* factor).

(granting investigative fees without discussion), and *Barajas*, 2017 WL 469343, at *5 (reasoned denial of investigative fees). Plaintiff acknowledges that "*Pagliaro* did not specifically address this issue in its Order." (Doc. 80 at 9); *see also Sandoval*, 2026 WL 2276947, at *3 (courts have found that costs pertaining to investigative expenses "are allowed by law and reasonable.").

Still, "[c]ourts within the Ninth Circuit routinely deny awarding costs for an investigation under 47 U.S.C. § 605." *Velasquez*, 2022 WL 348165, at *6 (citing *Barajas-Quijada*, 2020 WL 1640005, at *3); *G & G Closed Circuit Events, LLC v. Aguilar*, 2018 WL 6445883, at *3 (S.D. Cal. Dec. 10, 2018) ("[m]ost courts in this circuit decline to award costs for pre-filing investigative fees under § 605"); *Joe Hand Promotions, Inc. v. Beltran*, 2019 WL 3501451, at *4 (S.D. Cal. Jul. 31, 2019) ("pre-filing investigative costs are not typically awarded by courts in this circuit"); *Cervantes*, 2019 WL 935387, at *2 (noting investigative costs are not usually awarded).

This Court has found that "pre-filing investigation costs generally are not recoverable." *Velasquez*, 2022 WL 348165, at *6; *Hunter,* 2024 WL 1311860, at *3 (declining award of investigative costs as not recoverable). Given that investigative expenses generally are not recoverable costs, Plaintiff's request for the investigation costs will be denied.

Even if investigative costs were recoverable, they are insufficiently documented. Plaintiff includes only a bare invoice (*see* Doc. 80-1 at 13) and "no additional information regarding the qualifications of the investigation company or what services it provided, leaving the court with no means of determining if the charge is reasonable." *Albright* 2013 WL 4094403, at *6; *Hunter*, 2024 WL 1311860, at *3 ("[T]he documentation provided here is insufficient to support that the charge [for investigative expenses under § 605] was reasonable."); *see also Kingvision Pay-Per-View Ltd. v. Autar*, 426 F.Supp.2d 59, 67 (E.D.N.Y. 2006) ("[P]laintiff must document '(1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; [and] (3) why the investigators are qualified to demand the requested rate.' "; *Miranda*, 2022 WL 35602, at *3 (pre-filing investigative costs are not recoverable; the $625 investigative fee is also excessive because the investigation involved going to a bar, writing a few sentences down, and taking several pictures).

Here, as in *Velazquez*, the largely redacted invoice supporting investigative costs provided

by Mr. Riley (i.e. Doc. 80-1 at 13) is insufficient because it lacks any information "regarding the qualifications of the investigation company or what services it provided, leaving the court with no means of determining if the charge is reasonable." *Velasquez*, 2022 WL 348165, at *6; *see also Hugo Alejandro Navarro-Gonzalez, Individually & Doing Business As Taqueria La Bamba Bar & Grill,* 2026 WL 2935952, at *10 ("Like in *Hunter*, [the partially redacted invoice] is missing important details about the investigator's qualifications and services rendered[.]"); *Barajas-Quijada*, 2020 WL 1640005, at *3 ("documentation beyond the submission of a bare invoice [must] be provided to support an award of investigative costs"); *Parker*, 2021 WL 164998, at *9 ("[t]his Court joins the courts declining to award investigator fees when documented by an invoice containing nothing more than an amount without even detailing the investigative services provided or qualifications of the investigator").

While Mr. Riley opines that the investigative cost was reasonable, (Doc. 80-1 at 1, 3), the opinion is essentially unsubstantiated and relies upon an invoice generated not by the investigative company, but by the "Law Offices of Thomas P. Riley, P.C." (Doc. 80-1 at 13). Even assuming investigative costs are compensable, the Court cannot conclude the claimed investigative cost is reasonable.

Therefore, Plaintiff's request for recovery of investigative costs is denied.

2. Filing Fees and Service Costs

Plaintiff seeks recovery of the filing fee and service costs totaling $477.00. (Doc. 80-1 at 10-11).

This Court has held that filing and service of process costs are compensable under § 605(e)(3)(B)(iii) provided sufficient documentation supports that the costs were reasonable. *Hunter,* 2024 WL 1311860, at *3, citing *Velasquez*, 2022 WL 348165 at *7 ("[P]laintiff entitled to recover [such] costs based on the record and documents provided."); *J & J Sports Prods., Inc. v. Barajas*, 2016 WL 2930549, at *3 (E.D. Cal. May 19, 2016) (granting recovery of filing fee and service of process costs).

Here, Plaintiff has provided documentation supporting the service cost of $75.00. (Doc. 80-1 at 15). Additionally, the record reflects Mr. Riley's payment of the $402.00 filing fee. (Doc.

1).

The Court has awarded such fees on similar facts. *See Hugo Alejandro Navarro-Gonzalez, Individually & Doing Business As Taqueria La Bamba Bar & Grill*, 2026 WL 2935952, at *11.

Therefore, Plaintiff's request for recovery of the filing fee and service costs, totaling $477.00, is granted.

3. <u>Shipping and Photocopying</u>

Plaintiff seeks recovery of FedEx shipping costs and unspecified photocopying costs totaling $147.84. (Doc. 80-1 at 10-11).

In the Ninth Circuit, courts have found "awards can include reimbursement for out-of-pocket expenses including . . . travel, courier and copying costs." *Grove v. Wells Fargo Fin. Cal. Inc.*, 606 F.3d 577, 580 (9th Cir. 2010), *abrogation on other grounds recognized by Sarieddine v. Alien Visions E-Juice, Inc.*, 2019 WL 4316245, at *1.

This Court has held that courier and photocopying costs are compensable under § 605(e)(3)(B)(iii) provided sufficient documentation supports that the costs were reasonable. *J & J Sports Prods., Inc. v. Estrada Alvarez*, 2020 WL 3483393, at *2 (E.D. Cal. June 26, 2020), *report and recommendation adopted sub nom. J&J Sports Prod., Inc. v. Alverez*, 2020 WL 4474646 (E.D. Cal. Aug. 4, 2020) ("Plaintiff will not be awarded costs for courier charges or photocopying expenses because no documentation is provided."); *see also Aguilar*, 2018 WL 6445883, at *3 (denying the request for courier fees where counsel did not submit any documentation in support of this expense).

Here, Plaintiff has not provided documentation in support of these costs. (*See* Docs 80, 80-1); *see also Hugo Alejandro Navarro-Gonzalez, Individually & Doing Business As Taqueria La Bamba Bar & Grill,* 2026 WL 2935952, at *11 (declining to award unsubstantiated FedEx shipping and photocopying costs); *Cervantes*, 2019 WL 935387, at *5 ("[P]laintiff failed to meet its burden to support its request for costs for the courier charges [and] photocopying charges.")

Therefore, Plaintiff's request for recovery of shipping and photocopying costs is denied.

## IV. CONCLUSION AND ORDER

Plaintiff is entitled only to a reduced loadstar amount in attorney's fees, and to recovery of

only the filing fee and service costs. Therefore,

1. Plaintiff's motion for attorneys' fees and costs (Doc. 80) is GRANTED IN PART;
2. The Court AWARDS to Plaintiff the modified total amount of **$15,138.25**, which includes **$14,661.25** in attorney's fees and **$477.00** in costs.
3. Plaintiff's motion for attorney's fees and costs (Doc. 80) is otherwise DENIED.
4. The Clerk of the Court is directed to TERMINATE Doc. 80 and CLOSE the case.

IT IS SO ORDERED.

Dated: _November 18, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE